# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LUCKE, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 2:13-cv-00966-AJS ) |
| v. | ) ) **ELECTRONICALLY FILED** |
| PPG INDUSTRIES, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT ON PLAINTIFF MICHAEL LUCKE'S FLSA CLAIM

Defendant PPG Industries, Inc. ("PPG") respectfully submits this memorandum of law in support of its motion for summary judgment on Plaintiff Michael Lucke's FLSA claim. The Court should enter summary judgment in favor of PPG for two reasons. First, Lucke did not file a written consent to become a party to this action, as required by 29 U.S.C. § 256. Second, Lucke did not provide a computation of his damages, as required by Rule 26(a) of the Federal Rules of Civil Procedure.

## I. STANDARD OF REVIEW

Summary judgment is appropriate where, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The moving party is not required to provide evidence "negating the opponent's claim" but rather need only show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). Once the moving party meets its burden, the burden shifts to the non-moving party to point to specific evidence – as opposed to mere allegations, general denials or vague statements –

1

establishing a genuine issue for trial. *Id.* at 324; *Bixler v. Central Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1302 (3d Cir. 1993). If the non-moving party fails to make such a showing, summary judgment must be entered against him. *Celotex*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 249-50.

II.  ARGUMENT

    A.  **Lucke did not file a written consent to join this action.**

The FLSA permits "one or more employees" to bring an action "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Critically, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* To date, Lucke has not filed with the Court a written consent to become a party plaintiff to this action. [Statement of Facts (SOF) at ¶ 12.]

The default statute of limitations for a claim under the FLSA is two years. 29 U.S.C. § 255(a) (action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued").[1] In the case of a "collective" action under the FLSA, the action "shall be considered to be commenced in the case of any individual claimant" as follows:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.

---

[1] A cause of action arising out of a "willful" violation may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255(a).

Lucke filed his collective action complaint on July 8, 2013. [SOF at ¶¶ 1-2; *see* Complaint (ECF No. 1) at ¶¶ 6, 35 (alleging claim as a "collective" action).] While Lucke is "specifically named as a party plaintiff in the complaint" as contemplated by the first part of § 256(a), "his written consent to become a party plaintiff" ***was not*** "filed ... in the court in which the action is brought" as contemplated by the second part of § 256(a). [SOF at ¶ 3.] Because Lucke did not file his written consent when he filed his complaint, § 256(a) does not apply. Thus, this action shall be deemed to have "commenced" as to Lucke "on the subsequent date on which such written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256(b). Unfortunately for Lucke, he ***still*** has not filed his written consent in the court. [SOF at ¶ 12.] Thus, Lucke's claim has still not commenced.

The requirement that a named plaintiff in an FLSA action must also file a written consent to join the action in order to "commence" his claim is well established:

> The statutory language makes clear that the filing of the consent may come after the filing of the complaint, but that a claim is not asserted, for purposes of the statute of limitations until both the complaint and the claimant's individual written consent are filed.

*Perella v. Colonial Transit, Inc.*, 148 F.R.D. 147, 149 (W.D. Pa. 1991), *aff'd*, 977 F.2d 569 (3d Cir. 1992); *see also Gessele v. Jack in the Box, Inc.*, 3:10-cv-960-BR, 2014 U.S. Dist. LEXIS 35756, at *27-51 (D. Or. May 19, 2014).

Lucke may contend that the fact that he is named as a plaintiff in the complaint is sufficient "written consent" for purposes of § 256. Such an assertion would be incorrect. Being named on the complaint (and even participating in discovery) does not satisfy the FLSA's requirements to file a written consent. *See Matuska v. NMTC, Inc. d/b/a Matco Tools*, No. 10-3529, 2012 U.S. Dist. LEXIS 59875, at *10 (D.N.J. April 30, 2012); *Harkins v. Riverboat Servs. Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) ("The statute is unambiguous: if you haven't given

3

your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in the complaint...."); *Gessele*, 2014 U.S. Dist. LEXIS 35756, at *40-41 ("Named plaintiffs, therefore, are required to file written consents with the court to *commence* an FLSA collective action."); *Songu-Mbriwa v. Davis Mem'l Goodwill Indus.*, 144 F.R.D. 1, 2 (D.D.C. 1992) ("Until a plaintiff, even a named plaintiff, has filed a written consent, she has not joined in the class action, at least for statute of limitations purposes.").

Lucke may also contend that the averment in his complaint that he "expressly consents in writing to be a party to this action" constitutes sufficient written consent. [SOF at ¶¶ 1-2; *see* Complaint (ECF No. 1) at ¶ 46.] Again, Lucke would be mistaken. Lucke did not verify or otherwise personally sign the purported consent set forth in the complaint. [SOF at ¶¶ 1-2.] It is therefore insufficient for purposes of § 256. *Kulik v. Superior Pipe Specialties Co.*, 203 F. Supp. 938, 941 (N.D. Ill. 1962) (written consent, for purposes of § 256, is "a document signed by the person whose consent it purported to be"); *see also Frye v. Baptist Mem. Hosp., Inc.*, No. 07-cv-2708, 2011 U.S. Dist. LEXIS 45605, at *21 (W.D. Tenn. Apr. 27, 2011) (holding that plaintiff's attorney filing the complaint in his name did not satisfy § 256's written consent requirement), *aff'd*, 2012 U.S. App. LEXIS 17791, at *20-23, 495 Fed. Appx. 669, 676 (6th Cir. 2012) (strictly applying written consent requirement).

Finally, Lucke may contend that his November 2013 declaration (filed in support of his motion for conditional certification) constitutes sufficient (albeit belated) written consent. [Declaration (ECF No. 29-1).] Again, Lucke would be mistaken. While the declaration provides Lucke's testimony regarding his job duties and exempt status, it does not explicitly state Lucke's consent to join this action. *Moran v. Ceiling Fans Direct, Inc.*, No. H-06-0813, 2008 U.S. Dist.

LEXIS 1225, at *5-8 (S.D. Tx. Jan. 8, 2008) (holding that affidavits by named plaintiffs, filed with the court, do not satisfy the FLSA requirement of a written consent for statute of limitations purposes because there was nothing in their affidavits indicating their written consent); *Perkins v. S. New England Tele.Co.*, No. 3:07-cv-967, 2009 U.S. Dist. LEXIS 103833, at *7-9 n.2 (D. Conn. Nov. 4, 2009) (holding that a declaration by a named plaintiff does not satisfy the FLSA requirement of a written consent); see also *Harkins*, 385 F.3d at 1101 (holding that a named plaintiff's participation in discovery does not satisfy the FLSA requirement of a written consent); *Matuska*, 2012 U.S. Dist. LEXIS 59875, at *10-11 (same); *Frye*, 2011 U.S. Dist. LEXIS 45605, at *21 ("The plain language of the FLSA demonstrates that, to comply with the written-consent requirement, a named plaintiff must file an explicit written consent").

It is too late for Lucke to rescue his FLSA claim by attempting to file a written consent to join this action at this time, for two reasons:

First, the deadline for filing written consents in this action has passed (twice). [SOF at ¶¶ 6, 8.] The original deadline for filing written consents in this action was February 21, 2014. [SOF at ¶ 6.] Only one individual (not Lucke) filed a written consent to join this action by the original deadline. [SOF at ¶ 7.][2] By order dated March 21, 2014, the Court re-opened the notice and consent period and extended the deadline for filing written consents to May 20, 2014. [SOF at ¶ 8; see Order (ECF No. 47).][3] No one else (not even Lucke) filed a written consent by the

---

[2] In the case of "opt in" plaintiff Michael Pomorski, his claim in this action "commenced" on February 21, 2014, the date on which his written consent was filed in the court. [SOF ¶ 7; see Pomorski Consent (ECF No. 43).]

[3] In fact, the parties were able to facilitate the second mailing of the notice earlier than anticipated during the Case Management Conference, and the second consent period expired (pursuant to the agreement of the parties) on May 12, 2014. [SOF ¶ 9.] For purposes of this motion, however, PPG will use the later date of May 20 as set forth in the Court's order, since the difference is immaterial (as no one filed a written consent between May 12 and May 20). [SOF ¶ 10.]

extended deadline. [SOF at ¶ 10.] Having failed to file his written consent by the deadline (and the extended deadline) established by this Court, it is too late for Lucke to remedy his error. *See Vargas v. General Nutrition Ctrs., Inc.,* No. 2:10-cv-00867, 2013 U.S. Dist. LEXIS 35863, at *10 (W.D. Pa. Mar. 15, 2013) ("the Court will not permit the inclusion of any individual in this lawsuit who did not file a consent within the abundantly clear deadline of seventy-five (75) days"); *see also Scott v. Raudin McCormick, Inc.,* No. 08-cv-4045, 2010 U.S. Dist. LEXIS 79792, at *6-13 (D. Kan. Aug. 6, 2010) (striking consent forms filed after the deadline).

Second, Lucke separated from employment in September 2011 and his final paycheck was deposited and made available to him on September 21, 2011. [SOF ¶ 11.] Thus, Lucke's FLSA claim is now "forever barred" by the two-year statute of limitations. 29 U.S.C. § 255(a); *Songu-Mbriwa*, 144 F.R.D. at 2 ("Even if plaintiff were now to file a written consent, it would not relate back to the date of her original ... complaint."). Moreover, Lucke cannot extend the statute of limitations to three years, because he cannot meet his burden to establish a "willful" violation of the FLSA. 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (to establish a "willful" violation, plaintiff must show that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA). Lucke cannot meet his burden to establish a "willful" violation.[4]

Because Lucke never filed a written consent to join this action, and because it is too late for him to remedy his error, the Court must dismiss his FLSA claim.

---

[4] The decision to classify Territory Managers as exempt was made in connection with an exemption assessment performed in consultation with PPG's attorneys in 2004. [SOF ¶ 13.] While the details of the exemption assessment are privileged, it is sufficient to note that Lucke cannot offer any evidence of a "willful" violation.

6

### B. Lucke failed to provide a computation of his damages.

Lucke did not provide a computation of his damages, as required by Rule 26(a) of the Federal Rules of Civil Procedure. FED.R.CIV.P. 26(a)(1)(A)(iii) (requiring plaintiff to provide "a computation of each category of damages claimed"). Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior disclosure is "incomplete or incorrect." "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Major Tours, Inc. v. Colorel*, 799 F. Supp. 2d 376, 416 (D.N.J. 2011). Not only does Rule 37 forbid the use of improperly disclosed information, it provides that the court may **dismiss the action** for failure to properly disclose information required by Rule 26(a). FED.R.CIV.P. 37(c)(1)(C) & 37(b)(2)(A)(v); *see also Hines v. Caneel Bay*, No. 2001-cv-74, 2002 U.S. Dist. LEXIS 23585, at *9-10 (D.V.I. Dec. 3, 2002) (failure to submit evidence of damages in plaintiff's initial disclosures entitled defendant to summary judgment).

On September 30, 2013, Lucke provided his initial disclosures to PPG. [SOF ¶ 14.] Those disclosures did not include a computation of damages. [SOF ¶ 14.] In response to PPG's motion to compel, Lucke acknowledged that he had not yet provided a computation of damages, but he "promised to supplement his initial disclosures at appropriate intervals during this ongoing discovery period." [SOF ¶ 16; *see* Plaintiff's Brief (ECF No. 26) at ¶¶ 2 & 17.][5] Lucke did not keep his promise. Lucke never supplemented his disclosures and never provided a computation of his damages. [SOF ¶ 22.]

---

[5] The Court denied PPG's motion to compel, noting that Lucke's disclosures were sufficient "at this stage of the proceeding." [SOF ¶ 17; *see* Order (ECF No. 27).] The Court did not relieve Lucke of his obligation to supplement his disclosures later in the proceeding.

Since the time Lucke promised to supplement his disclosures, he had the opportunity to review substantial and sufficient discovery (both served by PPG and possessed by Lucke) to permit him to compute his alleged damages (including documents relating to Lucke's hours worked and compensation). PPG produced 5,385 pages of documents on September 30, 2013, 2,330 pages of documents on October 18, 2013, 475 pages on November 25, 2013, and more than 500 pages on April 1, 2014. [SOF ¶ 18.] Lucke also produced more than 500 pages of documents. [SOF ¶ 19.] When coupled with information already known to Lucke, the information contained in the documents was more than sufficient for Lucke to compute his damages. [SOF ¶ 20.] In short, Lucke had no excuse for his failure to supplement his disclosures and provide a computation of damages.[6]

Lucke's failure to disclose his computations is not harmless. Trial is scheduled to commence on July 14, 2014 – less than two months from now – and Lucke has *still* not provided a computation of his damages. [Pretrial Order (ECF No. 50).] Any belated disclosure of Lucke's computations would require PPG to launch a new round of discovery on those computations (and on any underlying allegations and/or assumptions), and it would throw the existing case management schedule into disarray. *Hoffman v. Const. Protective Servs.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (failure to disclose damages computations not harmless where later disclosure would require court to "create a new briefing schedule and perhaps re-open discovery").

Lucke is not substantially justified in his failure to disclose (or supplement) his damage computations with respect to his own claim, despite having access to the information he needs to

---

[6] In October 2013, Lucke claimed that he needed documents from a third party (Menards) in order to compute his damages. [SOF ¶ 16, Plaintiff's Brief (ECF No. 26) at ¶ 3.] It appears, however, that Lucke never attempted to obtain documents from Menards. [SOF ¶ 21.]

supplement his initial disclosures. Ultimately, by failing to disclose damages, Lucke has essentially waived his right to recovery or relief – he is limited at trial to the damages set forth in his preliminary and supplemental disclosures. FED.R.CIV.P. 37(c)(1). Having set forth no damages, there is nothing for Lucke to recover. Accordingly, this Court should grant summary judgment in favor of PPG and dismiss Plaintiff Lucke's FLSA claim.

## III. CONCLUSION

PPG respectfully requests that the Court grant its motion for summary judgment and enter judgment in favor of PPG with respect to Lucke's FLSA claim.

Respectfully submitted this 22nd day of May, 2014,

*s/ Christopher Michalski*
Robert W. Pritchard (PA Id. 76979)
  rpritchard@littler.com
Christopher Michalski (PA Id. 93236)
  cmichalski@littler.com
Morgan J. Matson (PA Id. 312138)
  mmatson@littler.com
Littler Mendelson, P.C.
EQT plaza, 26th Floor
625 Liberty Avenue
Pittsburgh, PA 15222
Tel: (412) 201-7600
Fax: (412) 774-1957

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 22nd day of May, 2014, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT ON PLAINTIFF MICHAEL LUCKE'S FLSA CLAIM was served and filed using the United States District Court for the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

> Bruce C. Fox
> Yuanyou Yang
> Andrew Horowitz
> Obermayer Rebmann Maxwell & Hippel LLP
> BNY Mellon Center, Suite 5240
> 500 Grant Street
> Pittsburgh, PA 15219

*s/ Christopher Michalski*

Firmwide:126856040.6 034801.2071